UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONETTE NAGRA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4564** |
| **MIKE SMITH FOREST PRODUCTS, L.L.C. AND HARVEST HAUL TRUCKING, L.L.C.** | **SECTION: "B"(4)** |

## ORDER AND REASONS

Before the Court is Defendant, Harvest Haul Trucking's, Motion for Summary Judgment alleging that Plaintiff, Jonette Nagra's, claims have prescribed. (Rec. Doc. 5). The motion is opposed. (Rec. Doc. 11). After review of the pleadings, applicable law and for the following reasons,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED.**

### A. STANDARD FOR SUMMARY JUDGMENT

Summary Judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment on the matter. Fed. R. Civ. P. 56(c); See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party has the burden of showing there is no genuine issue of material fact, but

may discharge this burden by showing the absence of evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists if evidence would allow a reasonable jury to return a verdict for the nonmovant. *Id.*

**B. APPLICABILITY OF PRESCRIPTION**

Louisiana Code of Civil Procedure article 1163 provides for an exception to the one-year liberative prescription for delictual actions when:

> [t]he action or defense asserted in the amended petition or answer arises out of the same conduct as the transaction set forth, or attempted to be set forth in the original pleading.

For an amended pleading to be exempt from prescription pursuant to Louisiana Code of Civil Procedure article 1163 it must:

> (1) arise out of the same transaction or occurrence set forth in the original pleading;
> (2) the purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
> (3) the purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
> (4) the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion

> of a new cause of action which would have otherwise prescribed.

*Ray v. Alexandria Mall*, 434 So.2d 1083, 1087 (La. 1983).

While the instant amended claim arises out of the same event, it is unclear whether Defendant is a wholly new or unrelated party and knew of Plaintiff's suit. Two existing issues must be resolved for Defendant's motion to prevail: ownership of the tractor-trailer involved in the accident and whether the tractor-trailer's owner is affiliated with Defendant.

A related defendant who is not wholly new is one that shares an identity interest or is affiliated with the original defendant. For example, in *Maltese v. Keller Industries*, the plaintiff sued Keller Industries because he was injured by a chair which he purchased in a box bearing Keller's name. 853 F.Supp. 945 (E.D. La. 1994). *Id*. The court allowed the plaintiff's belated pleading because Sunbeam and Keller were partners in manufacturing the chair and shared the same counsel, therefore, the court concluded the parties were not unrelated and Sunbeam would not be prejudiced in its defense. *Id.* In *Findley v. City of Baton Rouge,* the plaintiff, who hit a pole while riding his bike in a public park in Baton Rouge, mistakenly sued the City of Baton Rouge and later learned the East Baton Rouge Parks and Recreation Commission was the actual owner of the park.

3

570 So.2d 1168 (La. 1991). The Court allowed Findley to belatedly sue BREC because it shared an "identity interest" with East Baton Rouge Parish. *Id.* at 1171-1172. The city administered BREC and the two entities shared the same legal representation. *Id.* In *Ray,* the plaintiff mistakenly sued "Alexandria Mall," but was allowed to sue "Alexandria Mall Company" after prescription tolled because "Alexandria Mall Company" was not "wholly new or unrelated" to "Alexandria Mall." 434 So.2d at 1087. Like the defendants in the aforementioned cases, the defendants in *Ray* shared not only an identity interest, but also the same legal representation. Without this *connexity*, Plaintiff may not belatedly attempt to correct her mistake claiming the newly named defendant relates back to her initial suit. *Goodman v. Huffman*, 784 So.2d 718, 732 (La.App. 2d Cir. 4/4/2001).

While Defendant argues it is a wholly new defendant and unrelated to the defendant named in Plaintiff's original complaint, Defendant's only proof of this assertion is the affidavit of Frank Montalvo, co-owner and vice president of Harvest Haul. (Rec. Doc. 5-5)[1]. While Mr. Montalvo's affidavit

---

[1] Defendant claims State of Louisiana Motor Vehicle Crash Report no. 4075716 identifies Timber Transport as Mr. Jackson's employer, however, Defendant did not attach this report as an exhibit. While Plaintiff attached this document as an exhibit, there is no indication of Mr.

4

declares no affiliation with Timber Transport, this unsubstantiated, self-serving testimony is the only evidence Defendant provides to dispose of Plaintiff's claims. This Court is not bound by such evidence and consequently, such evidence is not sufficient to dismiss Plaintiff's claims. *S.E.C. v. Huffman*, 996 F.2d 800, 803 (5th Cir. 1993).

Plaintiff alleges in her pleadings Timber Transport and Defendant are affiliated companies. While Plaintiff's assertion can also be considered self-serving, it is sufficient to raise genuine and material factual disputes concerning the affiliation of the two companies. Further, Defendant is not prejudiced by the belated addition because it had notice of related lawsuits involving the same accident *sub judice*. Plaintiff took timely corrective action to name the proper defendant upon discovery of its identity. That action comports with the requirements of Louisiana Civil Procedure article 1163 and applicable case law. Defendant fails to show neglect or willfulness on Plaintiff's part.

---

Jackson's employer in the report. (Rec. Doc. 11-11).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 1st day of July, 2009.

_____
**UNITED STATES DISTRICT JUDGE**