```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JONETTE NAGRA                          *    CIVIL ACTION
                                       *
VERSUS                                 *    NO. 08-4564
                                       *
MIKE SMITH FOREST PRODUCTS LLC, ET AL. *    SECTION "B"(4)
```

## ORDER AND REASONS

Before the Court is the Motion for Reconsideration filed by Defendant Harvest Haul, Inc. ("Harvest Haul") (Rec. Doc. No. 22), asking the Court to reconsider its denial of Harvest Haul's Motion for Summary Judgment (Rec. Doc. No. 5). Plaintiff has filed a Memorandum in Opposition (Rec. Doc. No. 23) to Harvest Haul's Motion for Reconsideration. After review of the motion, response, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Harvest Haul's Motion for Reconsideration (Rec. Doc. No. 22) is hereby **DISMISSED**.

## BACKGROUND

Defendant filed for summary judgment on the grounds that Article 3492 of the Louisiana Civil Code has been interpreted to forbid the amendment of a complaint to include a "wholly new or unrelated defendant" after the one year prescriptive period for delictual actions has run. The court denied Defendant's motion for summary judgment on July 1, 2009, reasoning that Defendant failed to present sufficient evidence to resolve the question of

whether it is an unrelated party. On July 13, 2009, Defendant filed the instant motion for reconsideration.

**LAW AND ANALYSIS**

A motion for "reconsideration" does not exist in the Federal Rules of Civil Procedure, but a party's request for reconsideration is construed under Fed. R. Civ. P. 60 as a motion for relief from a final order when filed more than ten days after the order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991). If filed within ten days, the motion is considered under Fed. R. Civ. P. 59(e) as a motion to alter or amend a judgment. *Bass*, 211 F.3d at 962. Although the denial of summary judgment is not a final order, courts retain the authority to reconsider such interlocutory decisions. *Myers v. Moore Eng'g*, 42 F.3d 452, 455 (8th Cir. 1994). The instant motion is analyzed under Fed. R. Civ. P. 60 because it was filed on July 13, 2009, twelve days after the court's order. *Bass*, 211 F.3d at 962.

Relief is available under Fed. R. Civ. P. 60 for clerical mistakes under subsection (a) and for more substantive problems under subsection (b). Defendant's motion to reconsider does not allege a clerical error. (Rec. Doc. 22.) Instead, Defendant argues that the court mistakenly based its legal reasoning on

2

whether Defendant is affiliated with the third party Timber Transport. *Id.* at 1. Reconsideration could therefore fit within the scope of rule 60(b)(1), mistake, or rule 60(b)(6), the 'catch-all' provision. Potential grounds for relief under both subsections 60(b)(1) and 60(b)(6) will now be considered in turn.

**A. Reconsideration under Fed. R. Civ. P. 60(b)(1)**

Under Fed. R. Civ. P. 60(b)(1), relief may be granted for "mistake, inadvertence, surprise, or excusable neglect." In the Fifth Circuit, relief is available for a mistake that represents an "obvious error of law, apparent on the record." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). Obvious errors are those that "conflict with a clear statutory mandate" or involve a "fundamental misconception of the law." *Id*.

In this case, the Court made no judicial mistake that constitutes an "obvious error of law" and therefore Defendant is not entitled to relief under Fed. R. Civ. P. 60(b)(1).[1] Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P.

---

[1] Defendant's motion alleges only that reconsideration is necessary on the grounds of judicial error. (Rec. Doc. 22.) Subsections (b)(2) through (b)(5) of Fed. R. Civ. P. 60 also address potential grounds for relief but are not relevant here.

56(c). The motion must be denied if the moving party fails to present sufficient evidence that there are no issues of material fact. *Miles-Hickman v. David Powers Homes*, Inc., 589 F. Supp. 2d 849, 856 (S.D. Tex. 2008).

In this case, the Court properly denied summary judgment and determined that a genuine issue of fact still exists, which is whether or not "Defendant is a wholly new or unrelated party." (Rec. Doc. 5.) Defendant's status as a related or unrelated party is a material fact, because it could change the outcome of the case.[2] *See*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although Defendant asserts that it has no connection with Mike Smith Forest Products ("MSFP"), the originally named defendant, it failed to present sufficient evidence in support of this allegation. *See*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (reasoning that the moving party may not discharge its burden with merely a conclusory statement that the opposition lacks evidence). Defendant did not fulfill its initial burden of demonstrating that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608-09 (11th Cir.

---

[2] If the Defendant is unrelated, then Article 3492 of the Louisiana Civil Code forbids the Plaintiff from amending her complaint to include Defendant. Under this Article, once the one year prescriptive period for delictual actions lapses, Plaintiff may not amend the complaint to add a "wholly new and unrelated defendant." *Ray v. Alexandria Mall*, 434 So. 2d 1083, 1087 (La. 1983).

4

1991) (explaining that the moving party must satisfy the principal burden of establishing the absence of factual issues before the non-moving party is required to respond). The only evidence submitted in support of Defendant's motion was a single affidavit containing mere assertions and unsupported allegations of the co-owner and vice president of Harvest Haul. The affiant's conclusory and self-interested account, claiming that Defendant is unrelated to the current action, are insufficient to fulfill the movant's burden. *United States v. Robinson*, 78 F.3d 172, 175 (5th Cir. 1996).

Defendant argues that the Court mistakenly based its judgment on whether Defendant is related to Timber Transport, a third party to the litigation. (Rec. Doc. 22 at 2). Instead, Defendant argues, the Court should have analyzed whether the affidavit showed a connection between Defendant and MSFP. *Id*. Although correct in stating that the court should have analyzed Defendant's connection to MSFP instead of Timber Transport, Defendant once again relies on the same affidavit of Harvest Haul's co-owner and emphasizes that the affiant conclusively affirmed no relationship between MSFP and Defendant. *Id*. The Court properly rejected the affidavit as insufficient evidence of Defendant's relationship with the other parties involved in this

action. *See*, *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (explaining that conclusory facts are "insufficient to either support or defeat a motion for summary judgment"). It makes no difference, therefore, whether the affidavit is submitted as evidence of Defendant's relationship with Timber Transport or MSFP, the question of whether Defendant is "wholly new or unrelated" remains. The Court has made no "obvious error of law" because the standard of Fed. R. Civ. P. 56, which requires the evaluation of pleadings, discovery, and affidavits to determine whether a genuine issue of material fact exists, was properly applied. The Court followed both the standard for summary judgment and Fifth Circuit precedent, which provides that unsupported conclusions of fact are insufficient evidence for the grant of summary judgment. *See*, *Galindo*, 754 at 1216. Contrary to Defendant's allegations, Fed. R. Civ. P. 60(b)(1) does not apply to the order, because the court made no judicial mistake.

**B. Reconsideration under Fed. R. Civ. P. 60(b)(6)**

Relief under subsection (b)(6) of Fed. R. Civ. P. 60 is also inapplicable to this case. This subsection is a catch-all provision that provides relief when justified for "any other reason." Fed. R. Civ. P. 60(b)(6). The Fifth Circuit has

6

interpreted this provision to apply exclusively in the presence of "extraordinary circumstances." *Batts v. Tow Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). An erroneous judgment that may cause some hardship is not sufficient to rise to the level of extraordinary. *Williams v. New Orleans Pub. Svc., Inc.*, 728 F.2d 730, 736 (5th Cir. 1984). Relief under Fed. R. Civ. P. 60(b)(6) is also mutually exclusive, which means that grounds for relief under Fed. R. Civ. P. 60(b)(1)-(5) cannot be used to gain relief under subsection (b)(6). *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 & n.11 (1988).

Defendant's motion for reconsideration makes the sole argument that relief should be granted on the basis of judicial error. This argument is construed under subsection (b)(1) of Fed. R. Civ. P. 60 and cannot form the basis of a motion for relief under subsection (b)(6) as well. *See*, James Wm. Moore et al., Moore's Federal Practice - Civil § 60.48 (Mathew Bender 3d ed. 2009). Defendant makes no mention of additional factors justifying relief, and the allegation of an erroneous judgment alone is insufficient to demonstrate the existence of extraordinary circumstances. *Williams v. New Orleans Pub. Svc., Inc.*, 728 F.2d 730, 736 (5th Cir. 1984). Fed. R. Civ. P.

60(b)(6), therefore, also does not apply to this case. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Rec. Doc. No. 22) of denial of summary judgment is **DISMISSED** as a frivolous, repetitive pleading.

New Orleans, Louisiana, this 7th day of October, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE